United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD M. FERGUSON, | No. C 06-5540 WHA (PR) |
|     Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|     v. | |
| A.P. KANE, Warden, | |
|     Respondent. | |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse, and has also submitted a brief with supplemental authorities. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 1983, petitioner pled guilty to charges of second degree murder, attempted murder and conspiracy to commit robbery (Exh. 1).[1] He was sentenced to a term of 15 years to life in state prison for the murder charge, and a ten-year concurrent term on the other charges (*ibid*). Petitioner's two co-defendants, against whom petitioner testified pursuant to his plea

---

[1] Unless otherwise noted, the cited exhibits are those attached to respondent's answer.

agreement, were sentenced to life without the possibility of parole (Exh. 2 at 58). At his eighth parole hearing in 2004, the California Board of Parole Hearings (the "Board") found him unsuitable for parole (*Id.* at 80). Petitioner challenged this decision in habeas petitions filed in all three levels of the California courts, which petitions were denied (Exhs. 6-11).

**DISCUSSION**

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support

1 granting the writ. *See id.* at 409.

2 "Factual determinations by state courts are presumed correct absent clear and
3 convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not
4 altered by the fact that the finding was made by a state court of appeals, rather than by a state
5 trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,
6 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and
7 convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory
8 assertions will not do. *Id.*

9 Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination
10 will not be overturned on factual grounds unless objectively unreasonable in light of the
11 evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres*
12 *v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

13 When there is no reasoned opinion from the highest state court to consider the
14 petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501
15 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

16 **B.    ISSUES PRESENTED**

17     **1.    RESPONDENT'S ISSUES**

18 In order to preserve the issues for appeal respondent argues that California prisoners
19 have no liberty interest in parole, and that if they do, the only due process protections available
20 are a right to be heard and a right to be informed of the basis for the denial – that is, respondent
21 contends there is no due process right to have the result supported by sufficient evidence.
22 Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Irons*
23 *v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for
24 disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v.*
25 *California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence
26 standard identified in *Hill* is clearly established federal law in the parole context for purposes of
27 § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole

28

3

scheme gives rise to a cognizable liberty interest in release on parole.").

### 2. PETITIONER'S CLAIMS

#### a. "Biggs Claim"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Hayward v. Marshall*, 512 F.3d 536, (9th Cir. 2008); *Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court stated that due process might be violated if the Board were to continue to deny parole to a prisoner based only on the immutable facts of his or her offense in the face of evidence of rehabilitation. 334 F.3d at 916-17. It was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled. This ambiguity was helpfully cleared up in *Irons*, in which the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process.

Here, petitioner argues that simply using the circumstances of his offense as grounds for denial of parole violates due process, separate from his "some evidence" claim, which is discussed, below. Petitioner's parole was not denied solely because of the circumstances of his offense, however, but also because of his prior criminal history, his unstable social history, his failure to adequately participate in self-help programs in prison, his lack of insight into what caused him to commit the crime, his denial of his poly-substance abuse and dependence as diagnosed by a psychologist, and the opposition of the prosecutor to his release (Exh. 2 at 80-83). Strictly speaking, therefore, the parole denial in this case is not subject to a so-called

4

1 "Biggs" claim.  In any event, assuming for purposes of this discussion that *Biggs* and *Irons*
2 recognized an abstract due process right not to have parole repeatedly denied on the basis of the
3 facts of one's crime and in the face of extensive evidence of rehabilitation, petitioner still
4 cannot obtain relief on this theory because as there is no clearly-established United States
5 Supreme Court authority recognizing such a claim.  The state courts' rulings therefore could not
6 be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

        **b.**     **"Some Evidence"**

Petitioner contends that denial of parole was not supported by sufficient reliable evidence, and thus violated his due process rights.

As described above, due process requires that a denial of parole be supported by at least "some evidence," as that term was defined in *Hill*. *Sass*, 461 F.3d at1128-29.  Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board is to determine whether the prisoner would be a danger to society if he or she were paroled.  *See In. re Lawrence*, 44 Cal. 4th 1181 (2008).  The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

The superior court, in denying petitioner's habeas petition, summarized the facts of the commitment offenses as follows:

> After the first attempt to rob the liquor store failed, Petitioner returned approximately a month later to make a second attempt at robbing the liquor

5

> store. Petitioner armed his co-defendants with guns, ammunition, information about the layout of the store, and a new plan to rob the store before it closed so as not to activate the alarm. While Petitioner waited outside in the getaway car, his co-defendants ordered the clerks into the cold storage area of the store, ordered them to surrender their wallets, ordered them to kneel and pull their coats over their heads. They shot Mr. Philbert six times, killing him. After shooting Mr. Clark eleven times, they asked him if he was going to remember anything and despite responding "no," they shot Mr. Clark two more times.

(Exh. 7 at 2.)

In addition to the commitment offenses, which were brutal and callous, the Board's decision was supported by evidence that petitioner had not adequately addressed all of the factors that caused him to commit the offenses insofar as he denied having a substance abuse problem at the time of the offense despite his history of drug and alcohol use and a psychologist's diagnosis that he had such a problem in remission (Exh. 2 at 82-83). The Board's decision was also supported by the opposition to parole by the prosecutor (*id.* at 55-64, 83). This constituted "some evidence" that petitioner would be a danger to society if paroled. The rejections of this claim by the state courts were not contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority.

### c.  **Individualized Consideration**

Petitioner contends that his due process rights were violated by the Board's failure to afford him "individualized consideration" in finding him unsuitable for parole. The record, however, shows that the Board reviewed the evidence extensively of petitioner's particular criminal history, the facts of his offenses, his behavior since commitment, his parole plans, and other circumstances particular to his case, and discussed these facts with petitioner and his attorney (Exh. 2 at 7-79). The Board's decision sets out the facts specific to petitioner that it relied upon in finding him not suitable for parole (*id.* at 80-84). Under these circumstances, petitioner's claim that he did not receive individualized consideration fails. The state courts' rejection of this claim was not contrary to, nor an unreasonable application of, clearly-established Supreme Court authority.

### d.  **Breach of Plea Bargain**

Petitioner contends that by denying him parole the Board has breached his plea bargain

6

because it is in effect treating him as if he had been convicted of first-degree murder. The plea agreement provided that two counts would be dismissed, that petitioner would be convicted of second-degree murder, attempted murder, and attempted robbery, that he would possibly serve a life term, and that he would receive concurrent sentences (Exh. 12 at 3). This is precisely what he happened, and he was accordingly sentenced to a term of fifteen years to life and a ten-year concurrent sentence. First-degree murder is punishable by death, life without parole, or a term of twenty-five years to life. Cal. Penal Code 190(a). Although plaintiff contends he is being punished as if he had pleaded to first-degree murder, he in fact has been receiving the parole considerations to which his fifteen-to-life sentence entitles him. Moreover, as petitioner concedes, there was no express promise in the plea bargain as to when petitioner would be released (Pet. 27; Exh. 12 at 3).

The state courts' rejection of petitioner's argument was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.[2]

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated:   September 11, 2009

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\FERGUSON540.RUL.wpd

---

[2] In light of this conclusion, respondent's alternative argument that petitioner's third claim is untimely need not be addressed.

7